O’Neall, J.
The eases of Eigleberger and Kinard may, appears to me, be put on the same ground. For, although I concur with the Chancellor, that there was not sufficient evidence of the existence of their debts, at the execution of the deed to David Kibler, yet I will concede to them all *that they can ask — that their debts were prior to the accrual of the defendant’s right, and still I think they are not entitled to recover. The right of a creditor to avoid a voluntary conveyance, where the possession is in the donee, arises from the fact that he cannot otherwise be paid out of his debtor’s estate. It is hence, a fraud on his rights and is therefore, as against him, void. But if a creditor should seek to set aside, in this Court, a voluntary conveyance, and it appeared that his debtor had other property, he would be compelled first to exhaust it. This is upon a first principle of equity, “ that he who seeks equity must first do equity.” In the application of this principle, we are required to ascertain what would be justice between the parties : and surely there can be no injustice to a creditor, to say to him, “be paid out of that property of your debtor, to which no other person has any claim.” If he is paid, it is all that he has any right to ask. In the cases before us, the creditors, with a full knowledge of the conveyance to David Kibler, *86 and his actual possession, have stood by for near ten years, and hare suffered other debts, junior to theirs, to acquire prior liens, and the estate of their debtor thus to be consumed. If they had been vigilant, and within any reasonable time after David went into the possession of the land, had made the claim to^ avoid the conveyance, they would have been compelled to exhaust the rest of their debtor’s property, before they could have resorted to that conveyed to him, and out of this property of their debtor’s, they would have been satisfied. By their supineness, this fund has been taken from them, and they cannot now be permitted to make their own laches an injury to another. During the time the defendant David has been in possession, he has made many valuable improvements, and this constitutes another reason why the acquiescence of the complainants, for so many years, in his title, must prevent them from now disputing it.
Were it necessary for the purposes of the case, I should have little hesitation in saying that each renewal of the debt, and taking a new security, was a satisfaction of the antecedent one, and that these renewals could not operate *to keep in existence, a charge on the land which had been previous to them, conveyed away, and the possession of which had accompanied the deed. So, too, I incline to the opinion, that the defendant is protected by the statute of limitations. The statute runs from the discovery of a fraud ; and the relief sought is not to recover the land, but to be paid a debt out of it. It is in the nature of an action of deceit. The injury of which the creditor complains, is, that by the fraud of his debtor, he cannot be paid. This is purely a personal, and not a real action ; and the statute runs from the discovery of the fraud, as the accrual of the cause of action,.and at the expiration of four years, its bar is complete.
As to the case of Adam Kibler, it cannot admit of a question, that he is not entitled to recover. If he is a creditor at all, he is a subsequent one with notice, and as such can have no ground upon which he can say, that the gift is a fraud as to him. But independent of this conclusive objection to his recovery, then is another equally conclusive: all the right of property of Michael Kibler, and the actual possession, had passed from him to his donee, long anterior to the debt to Adam Kibler; he can therefore have no ground, either legal or equitable, on which he can found a claim for relief.
It is ordered and decreed, that the decree of the Chancellor be affirmed.
Johnson and Harper, Js., concurred.